UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JONATHAN ARNEZ KYLE,

    Plaintiff,

v.                                  3:09-cv-103

MISTY ENGLAND,

    Defendant.

## MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. Plaintiff claims he was denied medical care by defendant nurse Misty England while confined in the Claiborne County Jail. The matter is before the court on two motions to amend the complaint filed by the plaintiff.[1] For the following reasons, the motions to amend are **GRANTED IN PART** and **DENIED IN PART**.

In his first motion to amend [Court File No. 19], plaintiff seeks to add Claiborne County, Tennessee, and Sheriff David Martin as defendants, and to increase his demand for damages from $110,000 to $225, 000. In his second motion to amend [Court File No. 20], plaintiff seeks to correct the name of the Sheriff from David Martin to Larry Martin, and to increase his demand for damages to $250,000.

---

[1] There is also pending before the court the defendant's motion for summary judgment, which the court will address in a later opinion.

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff has made no specific allegations against the Claiborne County Sheriff and thus he is not a proper defendant to this action.

A municipality may be liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing official policy of the governmental entity. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). There is no allegation, however, that the violation of plaintiff's civil rights was the result of any custom or policy of Claiborne County, Tennessee.

The motions to amend the complaint are **DENIED** to the extent they seek to add as defendants Claiborne County, Tennessee, and the Sheriff of Claiborne County, Tennessee. The motions to amend are **GRANTED** to the extent the plaintiff seeks to increase his demand for damages.

    **ENTER:**

                                                s/ Thomas W. Phillips
                                             United States District Judge