UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

JONATHAN ARNEZ KYLE         )
                            )
    *Plaintiff*,             )
                            )
v.                          )     No. 3:09-cv-103
                            )     *Phillips*
                            )
MISTY ENGLAND               )
                            )
    *Defendant*.             )

## **MEMORANDUM**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendant's motion for summary judgment and plaintiff's response thereto. For the following reasons, the motion for summary judgment [Court File No. 15] will be **GRANTED**.

I.      Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most

favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against

a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.     Factual Background

Plaintiff brought this action during his confinement in the Claiborne County Jail as a federal pretrial detainee; he was eventually released from custody. The defendant is Misty England, a nurse at the Claiborne County Jail. Plaintiff alleges that the defendant denied him timely and proper medical care for a broken nose, which turned out to be a broken orbital bone under his left eye, in violation of his right against cruel and unusual punishment. He also alleges that he was the victim of malpractice as a result of defendant's failure to diagnose and take his injury seriously. The defendant moves for summary judgment on the ground that her actions did not constitute deliberate indifference to plaintiff's medical needs.

III.    Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983

does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." The Eighth Amendment's ban against cruel and unusual punishment also obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

4

Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992). "Deliberate indifference to serious medical needs" is distinguishable from an inadvertent failure to provide adequate medical care.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106. *See also Gibson v. Matthews*, 926 F.2d 532, 536-37 (6th Cir. 1991) (negligence of medical personnel does not state a claim under § 1983 for deliberate indifference to medical needs); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

Plaintiff specifically alleges the following: (1) on December 17, 2008, he informed the defendant of his injury, she stated his nose might be broken, and gave him an ice bag; (2) after filing a medical request for treatment of a possible broken bone, he was not examined by a doctor but had x-rays taken of his nose, which were negative; (3) after filing more medical requests, plaintiff was finally seen by Dr. Stafford on January 14, 2009; (4) Dr. Stafford told him it was not his nose but the orbital bone under his left eye that appeared to be broken, and that the break would be more difficult to treat because of the passage of time; (5) Dr. Stafford ordered more x-rays, but plaintiff has never gotten the results and his

5

problem still exists; (6) the defendant has failed to give plaintiff any medical attention; and (7) plaintiff is being denied medical treatment and is a victim of malpractice due to the defendant's failure to diagnose and take his injuries seriously. [Court File No. 3, Complaint, pp. 3-4].

In support of her motion for summary judgment, the defendant has attached copies of the first page of plaintiff's answers to interrogatories, plaintiff's grievances, requests for prisoner medical authorization, radiology reports, and a request for x-rays. [Court File No. 22, Memorandum in Support of Motion for Summary Judgment, Collective Exhibit 1 and Exhibits A-H]. These documents indicate the following:

In his response to interrogatories, plaintiff states that he was hit in the left eye on December 17, 2008; that he immediately informed the defendant and she gave him an ice bag; and that he first requested medical treatment on December 23, 2008. [*Id.*, Exhibit 1]. On December 29, 2008, the defendant, through a Prisoner Medical Authorization, requested that the U.S. Marshals Service take plaintiff to the Claiborne County Hospital for an x-ray of his nose which was possibly broken; the request was approved. [*Id.*, Exhibit B]. Dr. James M. Stafford, radiologist, read the x-rays and reported on December 30, 2008, that the x-rays were negative for fracture of the nasal bones. [*Id.*, Exhibit C]. Plaintiff filed a grievance on January 2, 2009, in which he complained that his nose had been broken for three weeks and he had not received proper medical treatment; in response to the grievance, the defendant stated that x-rays showed the nose was not broken. [*Id.*, Exhibit A].

Plaintiff filed another grievance on January 8, 2009, in which he stated that Dr. Stafford obviously cannot read x-rays because plaintiff could still feel that a bone was out of place and again reiterated that he was being denied medical treatment; in response, the defendant noted that an appointment had been made for plaintiff with Dr. Rose for further evaluation. [*Id*., Exhibit D]. In fact, on January 12, 2009, the defendant sent a Prisoner Medical Authorization to the U.S. Marshals Service asking that plaintiff be taken to his appointment with Dr. Rose on January 14, 2009. [*Id*., Exhibit F]. Dr. Rose ordered x-rays of plaintiff's orbit and facial bones. [*Id*., Exhibit G]. Dr. J. Mark Brumit, radiologist, read the x-rays and reported on January 14, 2009, that the x-rays were negative for fracture of the facial bones. [*Id*., Exhibit H].

In his response to the motion for summary judgment, plaintiff now states that Dr. Rose told him his left orbital bone appeared to be fractured because he could see and feel that the bone was out of place; plaintiff also contends that Dr. Rose would not have ordered x-rays if he had not thought something was out of place, and that Dr. Brumit's report contradicts Dr. Rose's examination. [Court File No. 24, Response, pp. 1-2].

There is nothing in the record to suggest that plaintiff has now or did have a fracture in a facial bone. The fact that Dr. Rose may have suspected a fracture and ordered x-rays for confirmation does not mean that plaintiff suffered from a fracture. That being so, plaintiff's allegation that he was harmed by the defendant's delay in providing medical care is contradicted in the record. *See Napier v. Madison County, Kentucky*, 238 F.3d 739 (6th Cir. 2001). "Specifically, we adopt the holding in *Hill* that '[a]n inmate who complains that delay

in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id.* at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)). *See also Rumsey v. Martin*, 28 F. App'x 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions").

Plaintiff was injured on December 17, 2008. He requested medical treatment on December 23, 2008, and on December 29, 2008, the defendant filed the request with the U.S. Marshals Service that plaintiff be taken to the Claiborne County Hospital for x-rays. His nose was x-rayed on December 30 and no fracture was found. When plaintiff continued to complain, the defendant made an appointment for him with Dr. Rose. Plaintiff was seen by Dr. Rose on January 14, 2009, who ordered x-rays of plaintiff's facial bones. The x-rays were negative for fractures.

Under the circumstances, plaintiff has failed to demonstrate deliberate indifference to his serious medical needs on the part of the defendant. The defendant twice requested that plaintiff receive medical attention as a result of his complaints and plaintiff in fact received medical attention. The fact that plaintiff disagrees with the medical attention he received does not demonstrate deliberate indifference in violation of the Eighth Amendment. To the extent plaintiff claims that the defendant committed malpractice, that claim, as previously noted, fails to state a claim for relief under § 1983.

IV.     Conclusion

The defendant is entitled to judgment as a matter of law and her motion for summary judgment will be **GRANTED**.  This action will be **DISMISSED WITH PREJUDICE**.  The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                                    s/ Thomas W. Phillips
                                                               United States District Judge